# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ROBERT R. BROWN,

                           Petitioner,

v.

UNITED STATES OF AMERICA,

                           Respondent.

Case No. 16-CV-899-JPS
Criminal Case No. 11-CR-52-7-JPS

**ORDER**

On July 11, 2016, Petitioner Robert Brown ("Brown") filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Docket #1). In August 2016, the Court determined that the matter should be stayed pending resolution of several relevant appeals before the Seventh Circuit relating to the effect of *Johnson* on the petition. (Docket #4). Also at that time, another pertinent case, *Beckles v. United States*, No. 15-8544, was pending in the Supreme Court. *Beckles* was decided on March 6, 2017. *Beckles v. United States*, 137 S. Ct. 886 (2017). Now that *Beckles* has been decided, for the reasons stated below, the Court must lift the stay in this matter and deny Brown's motion.

In 2012, Brown was convicted of armed bank robbery and brandishing a firearm during a crime of violence. At Brown's sentencing on March 15, 2012, the Court imposed the "career offender" enhancement under the U.S. Sentencing Guidelines, which provides that those who qualify as "career offenders" must be given certain offense level and criminal history category increases. U.S.S.G. § 4B1.1(b).

A defendant is a career offender if (1) he was at least eighteen years old at the time he committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense. *Id.* § 4B1.1(a). At the time Brown was sentenced, the term "crime of violence" as used in the Guidelines was defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." *Id.* § 4B1.2(a) (emphasis added). The italicized portion of this definition is known as the "residual" clause.[1]

In 2015, the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). *Johnson*, 135 S. Ct. at 2560. The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force

---

[1]Pursuant to Amendment 798 to the Guidelines, effective August 1, 2016, the Sentencing Commission deleted the residual clause contained in U.S.S.G. § 4B1.2(a)'s definition of a "crime of violence" and replaced it with language that simply enumerates specific offenses that can be considered crimes of violence. Amendment 798 was not made retroactive, *see* U.S.S.G. § 1B1.10(d) (listing amendments to be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2)), and it is therefore not applicable to Brown, U.S.S.G. § 1B1.11 ("The court shall use the Guidelines Manual in effect on the date that the defendant is sentenced."); *Belton v. United States*, 71 F. App'x 582, 583 (7th Cir. 2003) (noting that Section 1B1.10 of the Guidelines defines which amendments may be applied retroactively).

against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*" 18 U.S.C. § 924(e)(2)(B) (emphasis added). Notably, the emphasized portion of this definition is identical to the analogous clause in the career-offender Guideline, U.S.S.G. § 4B1.2(a)(2), and it is also referred to as the "residual" clause. The *Johnson* Court found that the ACCA's residual clause is unconstitutionally vague, in violation of the Due Process Clause of the Fifth Amendment. *Johnson*, 135 S. Ct. at 2560.

In 2016, Brown filed the instant motion. According to him, because *Johnson* found that the ACCA's residual clause is unconstitutionally vague, the same result should obtain for the identically worded residual clause in the Guidelines. *See United States v. Edwards*, 836 F.3d 831, 835 n.2 (7th Cir. 2016) (observing that cases analyzing "violent felony" under the ACCA and "crime of violence" under the Guidelines are interchangeable). This, in turn, would mean that he no longer has enough predicate convictions for "crimes of violence" to warrant the career-offender enhancement, since at least one predicate qualified as such only under the Guidelines' residual clause. (Docket #1 at 1, 4).

However, the Supreme Court's intervening decision in *Beckles* forecloses Brown's argument. *Beckles* held that the residual clause found in the career-offender Guideline, unlike the ACCA, is not susceptible to vagueness challenges. *Beckles*, 137 S. Ct. at 897. Key to the Court's analysis was the fact that the ACCA represented a legislative pronouncement fixing the permissible range of sentences for qualifying conduct. *Id.* at 892. By contrast, the post-*Booker*, advisory Guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within

the statutory range." *Id.* Because judicial discretion is part and parcel of the Guidelines, the constitutional concerns that animated the *Johnson* Court—providing notice to defendants of what conduct will subject them to enhanced penalties under the ACCA and preventing arbitrary application of the ACCA's standards—are not implicated by the Guidelines. *Id.*

The only argument advanced in Brown's motion was that the residual clause of the Guidelines is unconstitutionally vague in the same fashion as the ACCA's residual clause. In light of *Beckles*, this contention is wholly without merit. The Court must, therefore, deny Brown's motion and dismiss this action.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Brown must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Because *Beckles* inescapably requires dismissal of Brown's claim, as explained above, the Court cannot fairly conclude that reasonable jurists would debate whether his motion should be decided differently; as a consequence, the Court must deny a certificate of appealability to him.

Finally, the Court closes with some information about the actions that Brown may take if he wishes to challenge the Court's resolution of

this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See id.* 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *Id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that the stay in this matter be and the same is hereby **LIFTED**;

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2017.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge